UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 MAR -2  A 10: 08

U.S. DISTRICT COURT
       PORT [illegible]

| | |
|---|---|
| KENNETH F. DEYO, JR. and<br>MARLENE A. DEYO,<br>    Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 3:04CV2043 (JCH)<br>)<br>)<br>) |

### REPLY TO OPPOSITION TO UNITED STATES' MOTION TO AFFIRM DETERMINATION CONCERNING COLLECTION ACTION

The appellants commenced this proceeding seeking judicial review of an administrative determination concerning collection action pursuant to Section 6330 of the Internal Revenue Code. The Internal Revenue Service is seeking to collect three $500 frivolous return penalties assessed against the appellants pursuant to Section 6702 of the Internal Revenue Code. On February 6, 2006, the United States filed a motion to affirm the administrative determination concerning collection. See Docket #20. The Internal Revenue Service's determination that collection enforcement action should proceed should be affirmed by the Court because it was not an abuse of discretion. See Pellicio v. United States, 253 F.Supp.2d 258, 262 (D.Conn. 2003). On February 15, 2006, the appellants filed an opposition to the United States' motion to affirm the determination concerning collection action. See Docket #21. The opposition argues that the Internal Revenue Service violated 26 U.S.C. § 6751 and that the Internal Revenue Service denied the appellants their right to an administrative appeal.[1] As detailed below, Section 6751 of the

---

[1] The appellants repeatedly cite provisions of the Internal Revenue Manual and IRS Publication 1 in their opposition in an attempt to support their arguments. The reliance is misplaced. The purpose of the Internal Revenue Manual is to govern the internal affairs of the Internal Revenue Service and serves only an advisory function; its provisions create no binding

- 1 -

Internal Revenue Code was not violated and the appellants were not denied any rights they had to an administrative appeal. The appellants' opposition is without merit and the determination concerning collection should be affirmed.

Argument

I. INTERNAL REVENUE SERVICE DID NOT VIOLATE 26 U.S.C. § 6751.

Three frivolous return penalties, one each with respect to the 1997, 1998, and 2000 income tax periods, were assessed against the appellants pursuant to Section 6702 of the Internal Revenue Code.[2] See Memorandum of Law in Support of Motion to Affirm Determination Concerning Collection Action (Docket #20), Statement of Facts, ¶¶6, 12, and 18. Section 6702 provides for a $500 penalty for any individual who files what purports to be an income tax return but which "contains information that on its face indicates that the self-assessment is substantially incorrect" and that incorrect self-assessment is due to a position that is frivolous. 26 U.S.C. § 6702. Appellants argue in their opposition that the Section 6702 penalty assessments against them were based upon a determination by an Internal Revenue Service employee not approved in writing in violation of Section 6751 of the Internal Revenue Code. See Opposition, p.1. Approval of a Section 6702 frivolous return penalty assessment by an immediate supervisor of

---

duty and do not have the force of law. See United States v. Horn, 714 F.2d 206, 207 (1st Cir. 1983); Timmerman v. Swenson, 1979 WL 1446 (D.Minn 1979). Likewise, Internal Revenue Service publications, including IRS Publication 1, do not create law and do not have the force of law. See Trowbridge v. IRS, 2001 WL 1750765, *2 (S.D.Tex. 2001); Taylor v. United States, 57 Fed.Cl. 264, 266 (2003).

[2]The validity of these penalty assessments against the appellants was established in the United States' opening memorandum in support of its motion to affirm the Internal Revenue Service's determination concerning collection action. See United States' Memorandum, pp.13-14.

the employee making the determination or higher level official as may be designated by the Secretary of the Treasury is not required under Section 6751(b) because the Section 6702 penalty is an automatic penalty for a fixed amount.[3] See Brousseau v. United States, 2005 WL 2177009, *3 (M.D.Tenn. 2005); Borchardt v. Commissioner of Internal Revenue, 338 F.Supp.2d 1040, 1044 (D.Minn. 2004); Cole v. United States, 2002 WL 31495841, *6 (W.D.Mich. 2002). Although written approval of a Section 6702 frivolous return penalty is not required by statute, the frivolous return penalties assessed against the appellants for the 1997, 1998, and 2000 income tax periods were all approved in writing. See attached Exhibits A, B, and C.[4]

## II. INTERNAL REVENUE SERVICE DID NOT VIOLATE APPELLANTS' ADMINISTRATIVE APPEAL RIGHTS

The collection due process hearing for the appellants was conducted by the Internal Revenue Service Appeals Office. At the collection due process hearing, a taxpayer may raise

---

[3] Even if such approval of a Section 6702 penalty were required under Section 6751(b), there is no requirement that the Internal Revenue Service produce and present verification to the taxpayers or provide the taxpayers with any documentation that the requirements of any applicable law or administrative procedure has been met as a part of the collection due process hearing. See Borchardt, 338 F.Supp.2d at 1044; Farenga v. United States, 2004 WL 1005234, *3 (N.D.N.Y. 2004); Cipolla v. IRS, 2003 WL 22952617, *5 (E.D.N.Y. 2003); Cole, 2002 WL 31495841, *6.

[4] The approval record for the Section 6702 penalty for the 1997 income tax period is attached as Exhibit A and the approval record for the Section 6702 penalties for the 1998 and 2000 income tax periods is attached as Exhibit B. The approval record for the Section 6702 penalty for the 1997 income tax period is signed by the Group Manager and on behalf of the Penalty Screening Committee and initialed by the Quality Review Section Chief. While it is evident that the penalty was approved, given that the "Approved" box on the line for the Quality Review Section Chief is checked, because neither the "Approved" or "Disapproved" boxes are checked on the lines for the Group Manager and the Penalty Screening Committee, the government is also providing a copy of the assessment voucher with respect to the Section 6702 penalty for 1997 signed by the Group Manager to eliminate any possible confusion as to whether the penalty was approved by her. The assessment voucher is attached as Exhibit C.

challenges to the existence or amount of the underlying liability for any tax period if the taxpayer did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. See 26 U.S.C. § 6330(c)(2)(B). The deficiency procedures do not apply to the assessment or collection of Section 6702 frivolous return penalties and the appellants did not otherwise have an opportunity to dispute the penalties prior to the collection due process hearing so they were give the opportunity to challenge the penalties at the collection due process hearing. The appellants' contention that they were entitled to an appeals hearing separate from the collection due process hearing is incorrect. The "opportunity to dispute [the] liability" referred to in Section 6330(c)(2)(B) includes a prior opportunity for a conference with the Internal Revenue Service Appeals Office that was offered either before or after the assessment of the liability. See 26 C.F.R. § 301.6330-1(e)(3), Q-E2 and A-E2; Pelliccio v. United States, 253 F.Supp.2d 258, 261 (D.Conn. 2003); Konkel v. Comm'r of Internal Revenue, 2000 WL 1819417, 3 (M.D.Fla. 2000). Thus, a taxpayer who has previously had a hearing with the Internal Revenue Service Appeals Office regarding the underlying liability is not permitted to challenge the liability at the collection due process hearing as well. To the extent that the appellants were entitled to a post-assessment, pre-payment appeal of the Section 6702 penalty assessments in accordance with 26 C.F.R. § 601.106, they received that appeal at the collection due process hearing conducted by the Internal Revenue Service Appeals Office where they had the opportunity to raise any relevant issue relating to the unpaid liabilities and to raise non-frivolous challenges to the existence or amount of the underlying liabilities. Appeal procedures do not, however, extend to frivolous tax protestor arguments. There is no statutory or regulatory requirement that the Internal Revenue Service Appeals Office waste its resources

entertaining frivolous tax protestor arguments, such as the Section 861 argument advanced by the appellants, which have been uniformly rejected by courts. Taxpayers are not entitled to raise groundless, frivolous arguments before the Appeals Office at a collection due process or other hearing. See Reinhart v. IRS, 2002 WL 1095351, *6 (E.D.Cal. 2002) (holding that taxpayer's argument that he is not obligated to pay taxes because taxes are voluntary is legally frivolous and hearing officer's alleged refusal to permit taxpayer to raise the argument at the collection due process hearing was proper); Trowbridge v. IRS, 2001 WL 1750765, *1-2 (S.D.Tex. 2001) (holding taxpayer is not entitled to an administrative appeal before the IRS Appeals Office in order to raise frivolous issues such as a claim that the taxpayer is not subject to tax rates under the Internal Revenue Code); see also 26 C.F.R. 601.106(b) ("the appeal procedures do not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds").

Conclusion

For the reasons outlined in the government's opening memorandum and because the appellants' objection is without merit, the determination that collection enforcement action should proceed should be affirmed.

>                    Respectfully submitted,
>
>                    KEVIN J. O'CONNOR
>                    United States Attorney
>
>
>                    */s/ Karen Wozniak*
>                    KAREN WOZNIAK (CT20966)
>                    Trial Attorney, Tax Division
>                    U.S. Department of Justice
>                    Post Office Box 55
>                    Ben Franklin Station
>                    Washington, D.C. 20044
>                    (202) 307-1927
>                    E-mail: karen.e.wozniak@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT service of the foregoing Reply to Opposition to United States' Motion to Affirm Determination Concerning Collection Action was made March 1, 2006, upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Kenneth F. Deyo, Jr.
Marlene A. Deyo
29 Long Meadow Drive
Wolcott, CT 06716

*Karen Wozniak*
KAREN WOZNIAK (CT20966)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
Telephone: (202)307-1927
E-mail: karen.e.wozniak@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH F. DEYO, JR. and MARLENE A. DEYO, <br>    Appellants, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br>    Appellee. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:04CV2043 (JCH) <br> ) <br> ) <br> ) |

### Index to Exhibits

Exhibit A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Approval Record Section 6702 Penalty - 1997

Exhibit B . . . . . . . . . . . . . . . . . . . . . . Approval Record Section 6702 Penalties - 1998 and 2000

Exhibit C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Assessment Voucher Section 6702 Penalty - 1997

NMF

# PENALTY SCREENING COMMITTEE CASE

## APPROVAL RECORD



GOVERNMENT EXHIBIT A

| Taxpayer's Name | SSN/EIN |
|---|---|
| Kenneth F + Marlene A Dum | Redacted |
| Years | Examiner |
| 1997 1040x dtd 3-26-01 | 2982604223    AUG 15 2001 |
| | Code Section |
| PENALTY(IES) ASSERTED: 500.00 | IRC 6702    66 6 |

### APPROVAL

Approval **must** be secured from the Group Manager, the Penalty Screening Committee and the Quality Review Section Chief prior to assessment of the penalty(ies).

**1. GROUP MANAGER**

Signature: Karen C Ashment    Date: 3/17/01

Check One:  ☐ Approved  ☐ Disapproved

**2. PENALTY SCREENING COMMITTEE**

Signature: R. Douglas Spencer    Date: 3/17/01

Check One:  ☐ Approved  ☐ Disapproved

Signature: _____    Date: _____

Signature: _____    Date: _____

**3. QUALITY REVIEW SECTION CHIEF**

Signature: _____    Date: AUG ?? 2001

Check One:  ☒ Approved  ☐ Disapproved

- of the Treasury - Internal Revenue Serv

# Penalty Screening Committee NMF Case Approval Record



GOVERNMENT EXHIBIT B

| Taxpayers's Name | SSN/EIN |
|---|---|
| KENNETH F. & MARLENE A. DEYO | Redacted |
| Years 2000 / / 07.01.01<br>1998 / 1040X / 04.15.02 | Examiner<br>0460803665 |
| Penalty(ies) Asserted:  1000.00 | Code Section<br>IRC 6702   666 |

**Approval**

Approval <u>must</u> be secured from the Group Manager, the Penalty Screening Committee and the Quality Review Section Chief prior to assessment of the penalty(ies).

### 1. Group Manager

Check One: [X] Approved  [ ] Disapproved

Signature: *Shauna Herline*  JUL 15 2002

### 2. Penalty Screening Committee

Check One: [X] Approved  [ ] Disapproved

Signature: [signed]  JUL 17 2002

Signature:

Signature:

### 3. Quality Review Section Chief

Check One: [X] Approved  [ ] Disapproved

Signature: PB  JUL 24 2002

Form **13130** (8-2001)   Catalog Number 32373Q   Department of the Treasury - Internal Revenue Service
Previously issued as OSC 330 (10-91)                                                 publish.no.irs.gov

# Non-Master File Assessment Voucher

**1. Name and address**
KENNETH F JR AND MARLENE A DEYO
29 LONG MEADOW DR
WOLCOTT CT 06716

**2. Document locator number (DLN)**
9165524419120

**3. Taxpayer identification number (TIN)**
Redacted

| 4. Type of tax | 5. Form number | 6. Period | 7. MFT code | 8. Abstract number |
|---|---|---|---|---|
| CIVIL PENALTY | 1040X | 199712 dtd 3-26-01 | 28 | |

**9. Tax** ▶ $

| | I.R. Code Section or Type of Penalty | Trans. Code | Amount |
|---|---|---|---|
| 10. Penalty | 6702 | 240 | $500.00 |
| | | | |
| | | | |
| | | | |

**11. Interest** ▶

**12. Total** (Sum of Lines 9, 10, and 11) ▶ $ 500.00

**13. Reason for assessment:**
FRIVOLOUS RETURN PENALTY - EXAM REQUEST

**14. Signature of preparer** [signature]

**15. Date** AUG 15 2001

Form **5734** (Rev. 1-91)    Cat. No. 27725M    Department of the Treasury — Internal Revenue Service
U.S. Government Printing Office: 1991 — 517-018/49020

GOVERNMENT EXHIBIT C