UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH F. DEYO, JR. AND | : | |
| MARLENE A. DEYO, | : | |
|     Appellants | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-04-cv-2043 (JCH) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Appellee. | : | September 18, 2006 |
| | : | |

**RULING RE: APPELLEE'S MOTION TO AFFIRM [DOC. NO. 20]**

The appellants, Kenneth F. Deyo Jr. and Marlene A. Deyo, bring this action against the appellee, the United States of America. The complaint is a direct appeal of an assessment of penalties by the Internal Revenue Service ("IRS") against the Deyos for refund claims they filed on their 1997, 1998, and 2000 taxes. The Deyos claim that the IRS violated their rights under the Fifth and Sixth Amendments to the Constitution, 5 U.S.C. § 701 et seq., and 26 U.S.C. § 6330. In the alternative, the Deyos request that this court order the IRS to re-examine their penalties pursuant to 26 U.S.C. § 6671 and 26 C.F.R. §§ 601.105 and 601.106.

The United States has filed this Motion to Affirm the Administrative Determination of the IRS Appeals Office (Doc. No. 20), which held that the collection action against the Deyos could proceed. For the following reasons, the United States' motion is GRANTED.

1

**I.     BACKGROUND**

In March 2001, July 2001, and April 2002, the Deyos filed refund claims for their 1997, 2000, and 1998 income taxes, respectively.  See  1997 Form 1040X, Ex. B to Appellee's Motion to Affirm; 1998 Form 1040X, Ex. G to Appellee's Motion to Affirm; 2000 Form 1040X, Ex. L to Appellee's Motion to Affirm.  On each of the Deyos' tax returns, they claimed that they earned zero dollars in adjusted gross income for the period in question, and, subsequently, sought a refund of the entire tax paid for the relevant year.  See 1997 Form 1040X, Ex. B to Appellee's Motion to Affirm; 1998 Form 1040X, Ex. G to Appellee's Motion to Affirm; 2000 Form 1040X, Ex. L to Appellee's Motion to Affirm.  The basis for each of the Deyos' claim was that they did not receive any income from sources listed in the regulations for section 861 of the Internal Revenue Code.  See, e.g. 1997 Form 4852 Line 8 Explanation, Ex. B to Appellee's Motion to Affirm.

For all three attempts by the Deyos to obtain a total refund on their adjusted gross income, the IRS informed them that their 1040X Form was a frivolous document that had no basis in law.  E.g., Letter from IRS to Deyos, June 1, 2001, Ex. C to Appellee's Motion to Affirm.  The IRS then provided the Deyos with an opportunity to correct their return claims and warned that it would fine the Deyos $500.00 if they either did not respond in thirty days or filed "another document taking the same or any other frivolous position."  Id.  The Deyos responded to each IRS letter by renewing their assertion that they were entitled to a total refund on their adjusted gross income.  E.g.

Letter from Deyos to IRS, June 19, 2002, Ex. I to Appellee's Motion to Affirm.  Claiming authority under section 6702 of the Internal Revenue Code, the IRS assessed three $500.00 penalties against the Deyos for filling frivolous income tax returns.  See 1997 Form 4340 - Penalty, Ex. E to Appellee's Motion to Affirm; 1998 Form 4340 - Penalty, Ex. J to Appellee's Motion to Affirm; 2000 Form 4340 - Penalty, Ex. O to Appellee's Motion to Affirm.

In March and May of 2004, the IRS notified the Deyos of its intent to levy the fines against them and of the Deyos' right to request appeals consideration.  See Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, March 6, 2003 (assessment for 2000 income tax period), Ex. P to Appellee's Motion to Affirm; Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, May 28, 2003 (assessments for 1997 and 1998 income tax periods), Ex. Q to Appellee's Motion to Affirm.  The Deyos made timely requests for collection due process hearings in response to the IRS notices.  See Forms 12153, Requests for a Collection Due Process Hearing, Exs. R, S, and T to Appellee's Motion to Affirm.  In each of their requests for collection due process hearings, the Deyos asserted that they objected to the levy because the IRS never granted their previous requests for appeal and because the IRS violated statutory and regulatory due process procedures in issuing the assessments.  Id.

The collection due process hearing with respect to the collection of the Deyos' section 6702 penalties for the 1997, 1998, and 2000 tax income periods was held on

March 18, 2004.  See Transcript of Collection Due Process Hearing, Ex. V to Appellee's Motion to Affirm.  Appeals officer Matthew McLaughlin conducted the hearing.  Id.  At the hearing, Mr. Deyo explicitly stated, "I don't want to argue about the liability.  I want the liability to be argued with the examiners, who have the authority to summon people in to take testimony under oath."  Id. at 11.  The Deyos went on to allege a number of procedural violations by the IRS which, in their opinion, invalidated the assessment against them.

On November 8, 2004, the IRS Appeals Office notified the Deyos of its decision that it was appropriate for the IRS to pursue enforced collection of the section 6702 penalties for 1997, 1998, and 2000.  Letter 3194, Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, Ex. U to Appellee's Motion to Affirm.  In its letter, the Appeals Office found no merit to any of the issues that Deyos raised, cautioning that "if you persist in pursuing these frivolous arguments in a Federal Court, you expose yourself to possible liability for court costs and/or other sanctions under IRC 6673."  Id. (citing cases).

## II. STANDARD OF REVIEW

The United States has moved to affirm the administrative decision with respect to the Deyos' due process hearing.  The government contends, and the Deyos do not challenge, that this court must only examine this administrative decision for abuse of discretion.  This court agrees.

Title 26 of section 6330 to the United States Code allows a person to obtain

judicial review of the decision made at a collection due process hearing.  28 U.S.C. § 6330(d).  Federal review under section 6330 is limited to the issues that the taxpayer raised at the collection due process hearing.  See  26 C.F.R. § 301.6330-1(f)(2), Q-F5 & A-F5; see also Pelliccio v. United States, 253 F.Supp.2d 258, 262 (D. Conn. 2003).  Nothing in section 6330 addresses the standard of review that a federal court must exercise in reviewing an IRS decision.  MCRA Info. Servs. v. United States, 145 F.Supp.2d 194, 198 (D. Conn. 2000).  According to caselaw, "where the validity of the tax liability was properly at issue in the [collection due process] hearing . . . the amount of tax liability . . . will be reviewed by the appropriate court on a de novo basis."  Id. at 199.  However, where "the underlying tax liability is not at issue, the court reviews the decision of the IRS officer for abuse of discretion."  Pelliccio, 253 F.Supp. at 262 (citing Davis v. Commissioner, 115 T.C. 4 (2000); see also MRCA Info., 145 F.Supp. at 199.

In the present case, the Deyos do not dispute their underlying tax liability, but the alleged procedural violations committed by the IRS in levying penalties against them.  Therefore, this court will review the decision of the IRS appeals officer for abuse of discretion.

A determination in an administrative appeal amounts to an abuse of discretion "if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group, or, . . . on other considerations that Congress could not have intended to make relevant."  Wong Wing Hang v. Immigration and Naturalization

5

Service, 360 F.2d 715, 719 (2d Cir. 1966).  In light of this, the court is not to decide whether it would agree with the decision of the IRS appeals officer in the Deyos case. Instead, this court must "determine whether there is an adequate basis in law for the [officer's] conclusion" that the IRS could continue with the collection proceeding.  RCA Corp. v. United States of America, 664 F.2d 881, 886 (2d Cir. 1981).

### III.    DISCUSSION

The Deyos challenge the government's Motion to Affirm on a multitude of grounds.  To wit, the Deyos argue: 1) that the IRS did not provide personal written approval of the penalties against the Deyos, as required by 26 U.S.C. § 6571; 2) that the Appeals Officer did not verify that the IRS abided by the requirements of 26 U.S.C. § 6751(b), as required by 26 U.S.C. § 6330(c)(1); 3) that the IRS improperly denied the Deyos their right to a pre-payment, post-assessment penalty, as required by 26 C.F.C. § 601.106(a)(1)(iv), I.R.M. 8.11.1.2, and I.R.M. 8.11.1.7(3); 4) that the IRS ignored the Deyo's request for an in-person, post-assessment penalty appeal, in violation of I.R.M. 8.11.1.7.2(12); 5) that the IRS misrepresented that the Deyos were only entitled to appeal an examination's determination after full payment of the penalty, contradicting 26 C.F.R. § 601.106(a)(1)(iv) and I.R.M. 8.11.1.7(3); and 6) that the IRS illegally failed to notify them of their examination and administrative appeals rights by not sending them a copy of "Publication 1."  Memo In Opposition at 10-11 (Doc. No. 21).  The court does not find merit in any of these assertions.

### A.     Personal Written Approval of the Deyos' Section 6702 Penalties

On the Deyos' first argument, the court concludes that personal approval of section 6702 penalties is not, as the Deyos assert, required by section 6751. For one, "there is no requirement that the IRS provide taxpayers with any documentation as part of the [collection due process] hearing." Brousseau v. United States, 2005 WL 2177009 at *3 (M.D. Tenn. 2005).

Second, the government did not have to provide personal approval of the Deyos' section 6702 penalties because section 6751 does not apply to penalties "automatically calculated through electronic means." 26 U.S.C. § 6751 (b). Pursuant to 26 U.S.C. § 6702, the IRS may impose a $500 civil penalty upon an individual who "files what purports to be a return," but which contains "information that on its face indicates that the self-assessment is substantially incorrect" and is due to "a position which is frivolous." 26 U.S.C. § 6702(a). Courts that have considered arguments almost identical to that of the Deyos have been unanimous in holding that these statutory fines are automatic for the purposes of section 6751 (b). See, e.g., Borchardt v. Commissioner of Internal Revenue, 338 F.Supp.2d 1040, 1044 (D.Minn. 2004).

### B.     Verification that IRS Abided by 26 U.S.C. § 6751(b)

After examining the Appeals Officer's decision in the Deyos' case, the court rejects the Deyos' argument that the Appeals Officer did not verify that the IRS abided by the requirements of 26 U.S.C. § 6751(b). The Appeals Officer presiding over the Deyos' hearing concluded generally that "information in the administrative case file and

7

related computer records shows that the IRS followed law and procedure in this case." Attachment to Letter 3194, Ex. U to Appellee's Motion to Affirm. Without more, the court is unwilling to assume that the Appeals Officer abused his discretion by not specifically referencing 26 U.S.C. § 6751(b).

### C.     Pre-payment, Post-assessment Penalty Appeal

The court finds that the IRS's denial of the Deyos' request for a pre-payment, post-assessment appeal of their section 6702 penalty assessments does not invalidate the Appeals Officer's decision. At the collection due process hearing, the Deyos do not dispute that they were given the opportunity to raise any issue relevant to their tax liabilities or other non-frivolous challenges to their underlying liabilities.

Also, as the government properly points out, the Deyos have no right to raise facially frivolous arguments at any administrative hearing. See Reinhard v. IRS, 2002 WL 1095351, at *6 (E.D. Cal. 2002) (holding that it was proper for a hearing officer to deny taxpayer the opportunity to raise the legally frivolous argument that taxes are voluntary at a collection due process hearing); see also 26 C.F.R. 601.106(b) ("the appeal procedures do not extend to cases involving solely the failure or refusal to comply with the tax laws because of moral, religious, political, constitutional, conscientious, or similar grounds").[1] Though the Deyos dispute procedural violations by

---

[1] In another case brought by the Deyos, a court in this district held that the Deyos' argument that they have no tax liability under 26 U.S.C. § 861 "is simply frivolous and has been uniformly rejected by other courts." Deyo v. Internal Revenue Service, 2004 WL 2051217 at *4 (D. Conn. 2004) (citing United States v. Bell, 238 F.Supp. 696 (M.D.Pa. 2003) (stating that such section 861 arguments are nonsensical)).

the IRS rather than their underlying liability, there is no reason why they should be entitled to challenge indirectly that which they have no right to challenge directly.  Thus, there was no abuse of discretion in not permitting the Deyos to bring their challenges in a separate proceeding.

### D. Right to an In-person, Post-assessment Penalty Appeal

The Deyos' argument that they were entitled to an in-person, post-assessment penalty appeal is without merit.  Their only support for this argument is section 8.11.1.7.2(12) of the Internal Revenue Manual.  This document serves only to govern the internal affairs of the IRS and creates no binding duties.  United States v. Horn, 714 F.2d 206, 207 (1st Cir. 1983).  Therefore, the Deyos' reliance on the Manual does not invalidate the Appeals Officer's decision.

### E. Payment of Penalty Before Appeal

According to the Deyos, the IRS violated 26 C.F.R. § 601.106(a)(1)(iv) by requiring full payment of his penalties before they would be reconsidered.  The Deyos cite to section 601.106(a)(1)(iv) for the proposition that "[t]he appeal may be made before or after payment."  Id.  This court does not find any legal basis for the Deyos' proposition. Even if the court accepted that the Deyos' interpretation of the statute is correct, they point to no authority establishing that the IRS's failure to follow 26 C.F.R. § 601.106(a)(1)(iv) amounts to an abuse of discretion or even a due process violation.  The court thus concludes that the IRS's requirement that the Deyos pay the full penalty for a facially invalid tax filling before obtaining review was not an abuse of discretion.

### F.  Failure to Receive IRS Publication 1

Lastly, the court does not find any basis in law for the Deyos' contention that the mere failure by the IRS to send them Publication 1, entitled "Your Rights as a Taxpayer," invalidates the Appeals Officer's decision. Significantly, the Deyos cite to nothing suggesting that failure to send this document constitutes an abuse of discretion. Indeed, the court has difficulty determining how the brochure is relevant to the question of whether this court should affirm the Appeals Officer's decision.

### IV.  CONCLUSION

For the foregoing reasons, the United States' Motion to Affirm (Doc. No. 20) is GRANTED. The clerk is hereby directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 18th day of September, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge